IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 JUL -1 PM 3: 36

| | | |
|---|---|---|
| NATURAL DYNAMICS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. A:12-CV-964-JRN |
| | § | |
| CONQUEST INTERNATIONAL, INC. | § | |
| and PETER GILLHAM, | § | |
| Defendants. | § | |

## ORDER

Before the Court in the above-entitled and styled cause of action is Defendant Conquest International, Inc.'s Motion to Dismiss for Lack of Jurisdiction and, in the Alternative, Motion to Transfer Venue (Clerk's Dkt. No. 6); Defendant Peter Gillham's Motion to Dismiss for Lack of Jurisdiction and, in the Alternative, Motion to Transfer Venue (Clerk's Dkt. No. 8); Plaintiff Natural Dynamics, LLC's Response in Opposition (Clerk's Dkt. No. 10); and Defendants' Consolidated Reply (Clerk's Dkt. No. 11). Having considered the Motions and applicable law, the Court finds that Defendants Conquest International, Inc. and Peter Gillham's Motions to Dismiss should be granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Natural Dynamics, LLC ("Plaintiff") is a Texas limited liability company based in Travis County, Texas. Plaintiff was originally formed as a California limited liability company for the purpose of purchasing the assets of Conquest International, Inc. ("Conquest") pursuant to a Purchase and Sale Agreement. Subsequent to the execution of the contract, Plaintiff relocated its

headquarters to Texas and through a merger became a Texas limited liability corporation.

Conquest, formed in 1994 as a vitamin and supplement business, is a Nevada corporation with its principal place of business in Los Angeles, California. Defendant Peter Gillham ("Gillham") is Conquest's sole shareholder.

In June of 2008, the Parties executed an Agreement for Purchase and Sale of Business Assets, a related note and security agreement, a Contract for Services, and other related agreements. Plaintiff alleges that Defendants subsequently breached the Parties' contracts by failing to pay for products provided to Defendant Gillham's stores and attempting to compete with Natural Dynamics. Plaintiff filed suit in the Western District of Texas on October 19, 2012, alleging breach of contract and seeking a declaratory judgment and damages. On November 1, 2012, this cause was transferred from the docket of the Honorable Lee Yeakel to this Court's docket.

Defendants Conquest and Gillham have requested the Court to dismiss claims brought by Plaintiff against them in the present case, arguing that the Court lacks personal jurisdiction over these Defendants and that venue is improper in Texas. In the alternative, Defendants Conquest and Gillham have requested the Court to transfer the present suit to the Central District of California. Defendants have each filed a separate Motion to Dismiss and, in the Alternative, Motion to Transfer Venue. *See* Clerk's Dkt. Nos. 6 and 8. Plaintiff has responded to both of these Motions in a single response brief, Natural Dynamic's Response to Defendants' Motion to Dismiss. *See* Docket No. 10 at 1 n.1. Accordingly, the Court will analyze Conquest and Gilham's Motions together.

## II. STANDARD OF REVIEW

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case of jurisdiction. *Wilson*, 20 F.3d at 648. Therefore, proof by a preponderance of the evidence is not required.[1] *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Uncontroverted allegations in the plaintiff's complaint will be taken as true, and conflicts between the facts contained in the parties' affidavits will be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. *Wilson*, 20 F.3d at 648.

## III. DISCUSSION

### A. Legal Standard

A federal court may exercise personal jurisdiction over a non-resident defendant: (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mullins v. TestAmerica, Inc.*, 564

---

[1]Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 326 (5th Cir. 1996); *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986), *modified on rehearing in unrelated part*, 836 F.2d 850 (5th Cir. 1988). The decision when to hold an evidentiary hearing is within the Court's discretion. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171 (5th Cir. 1994).

F.3d 386, 398 (5th Cir. 2009). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "To satisfy the requirements of due process, the plaintiff must demonstrate: '(1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.'" *Id.*

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)(*quoting Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001))[2] If either of these minimum contacts are shown, personal jurisdiction exists unless the defendant can make a compelling case that it would violate traditional notions of fair play and substantial justice. *Gen. Retail Serv., Inc. v. Wireless Toyz Franchise, LLC*, 2007 WL 2909565, at *16 (5 Cir. 2007)(*citing Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)). "Factors that courts consider to make this determination include: (1) the burden on the [nonresident] defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolutions of controversies; and (5) the shared interest of the several states in furthering fundamental social policies." *Gen. Retail Serv., Inc.*, 2007 WL 2909565, at *16 (*citing Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)).

---

[2] *See also, Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)("The 'minimum contacts' prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction.")

The minimum contacts analysis in cases of specific jurisdiction is narrow, focusing on the relationship between the defendant, the cause of action and the forum state. *Toshiba Funding Auth. Ltd. v. Somerset Marine, Inc.*, 923 F.Supp. 982, 985 (S.D. Tex. 1996)(*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "Specific jurisdiction exists when the plaintiff's claim against the non-resident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state." *Metis Intern., L.L.C. v, Ace INA Holdings, Inc.*, 2005 WL 1072587, at *3 (W.D. Tex. May 6, 2005)(*quoting Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 472 (1985)); *Mullins*, 564 F.3d at 398 (*citing Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208. 215 (5th Cir. 2000)).

### B. Plaintiff Has Not Met Its Burden of Making a *Prima Facie* Showing of Personal Jurisdiction Over Defendants

The Court begins by noting that Plaintiff's citation of cases evaluating whether personal jurisdiction exists regarding tort claims is inapposite in the present case. This suit involves allegations of two breaches of contract and seeks declaratory judgment regarding those contracts. The body of case law cited by Plaintiff concerns the exercise of personal jurisdiction in cases involving tort claims. The effects test and the inquiry regarding whether a tort is intentional are therefore irrelevant to the determination of personal jurisdiction in this case.

Plaintiff presents four purported contacts for specific jurisdiction.[3] First, Plaintiff argues that because Natural Dynamics is currently a Texas resident, the harms it suffered from Defendants' alleged breaches occurred in Texas. Clerk's Dkt. No. 10 at 10. Second, Plaintiff contends that

---

[3] It is readily apparent that Defendants' contacts with Texas are not substantial, continuous, or systematic, and Plaintiff does not argue that this Court has general jurisdiction over Defendants. Therefore, the Court's analysis will only examine specific jurisdiction.

Defendants continued to do business with Natural Dynamics even after Gillham was aware that Natural Dynamics had become a Texas LLC. *Id.* at 11-12. Third, Plaintiff alleges that Defendants ordered products from Texas and made payments to Natural Dynamic's Texas bank accounts. *Id.* Finally, Plaintiff points to the fact that Defendants traveled to Texas to attempt a resolution of the conflicts between the Parties. *Id.* None of these purported contacts are sufficient to establish specific jurisdiction over Defendants.

Defendants are correct that the fiduciary shield doctrine does not confer jurisdiction over an individual merely because that individual engaged in business transactions within the state in his or her capacity as an officer of a business entity. *Stuart v. Spademan*, 772 F.3d 1185, 1197 (5th Cir. 1985). Nothing in the case law or in Plaintiff's pleadings supports a finding of specific jurisdiction over Defendant Gillham.

With respect to Defendant Conquest International, Inc., Defendants also point out that Plaintiff only become a Texas LLC after the execution of the two contracts at issue in the present cause. That fact alone precludes a finding of specific jurisdiction based on Plaintiff's first purported contact. Moreover, "plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002).

Plaintiff's second contention regarding Defendants' awareness of the fact that Natural Dynamics had converted to a Texas LLC is irrelevant to the present inquiry. The framework that courts have employed to analyze jurisdictional issues focus on contacts with the forum state. Plaintiff fails to cite case law holding that a defendant's awareness that a plaintiff had incorporated in another state or relocated its headquarters would support a finding of specific jurisdiction over that defendant.

Plaintiff also points to Defendants' specific activities directed toward Texas to support the

Court exercising personal jurisdiction over them. Specifically, Plaintiff points to Defendants ordering products from Texas and making payments to its Texas accounts. Clerk's Dkt. No. 10 at 11-12. The Fifth Circuit has repeatedly observed that "merely contracting with a resident of Texas is insufficient to establish the minimum contacts necessary for personal jurisdiction." *Cardinal Healthcare Solutions, Inc. v. St. Joseph Hosp. of Port Charles, Fla., Inc.*, 2009 WL 695447, at *1 (5th Cir. March 18, 2009)(*citing Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007)); *Metis Intern., L.L.C. v, Ace INA Holdings, Inc.*, 2005 WL 1072587, at *3 (W.D. Tex. May 6, 2005)*(quoting Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 1026, 1029 (5th Cir. 1983)). Furthermore, "[a]n exchange of communication in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Id.* Likewise, mailing payments to the forum state does not establish the minimum contacts to support the exercise of personal jurisdiction over a defendant. *See Holt*, 801 F.2d at 778. Accordingly, the Court finds that the specific activities cited by Plaintiff are not sufficient to support personal jurisdiction over Defendants.

Plaintiff also fails to sufficiently explain the details surrounding the alleged purchase of products from Texas so as to support specific jurisdiction over each claim asserted in the presented suit. As Defendants correctly point out, the Court "is not obligated to credit conclusory allegations [by Plaintiff], even if uncontroverted." *Jayroe v. Transport Designs, Inc.*, No. 3-12-261, 2012 WL 5473567, at *2 (S.D. Tex. Nov. 9, 2012) (quoting *Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc.*, No. H-10-1708, 2012 WL 590926, at *2 (S.D. Tex. Feb. 22, 2012)). The Court will not credit conclusory jurisdictional allegations, much less allegations without support in case law.

Lastly, Plaintiff argues that Defendants' travel to Texas to attempt a resolution of the Parties'

dispute constitutes sufficient minimum contacts to confer jurisdiction over them. Clerk's Dkt. No. 10 at 12. However, Plaintiff does not contend that any of its claims arise out of the visits, which render these purported contacts insufficient to support personal jurisdiction over Defendants.

### IV.   CONCLUSION

Plaintiff has failed to demonstrate that Defendants have availed themselves of the privilege of conducting business in Texas or of the benefits and protections of Texas law. Keeping in mind that the Court must resolve factual disputes in Plaintiff's favor, the Court's review of the record nonetheless leads to the conclusion that Plaintiff has failed to meet its *prima facie* burden of establishing personal jurisdiction. Accordingly, the case must be dismissed for lack of personal jurisdiction.[4]

**IT IS THEREFORE ORDERED** that Defendant Conquest International, Inc.'s Motion to Dismiss for Lack of Jurisdiction and, in the Alternative, Motion to Transfer Venue (Clerk's Dkt. No. 6) and Defendant Peter Gillham's Motion to Dismiss for Lack of Jurisdiction and, in the Alternative, Motion to Transfer Venue (Clerk's Dkt. No. 8) are hereby **GRANTED.**

**IT IS FURTHER ORDERED** that this cause of action and all claims asserted are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions are **MOOT.**

---

[4] Because the Court has determined it lacks personal jurisdiction over Defendants, it need not analyze whether venue is proper in the Western District of Texas.

**IT IS FINALLY ORDERED** that all relief not expressly granted is **DENIED**.


SIGNED this 28th day of June, 2013.

> *[signature]*
> JAMES R. NOWLIN
> UNITED STATES DISTRICT JUDGE